O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CRUZ VILLA,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>           Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. CV 11-8992-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 12, 13.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR") and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

1

# I.
# DISPUTED ISSUE

As reflected in the Joint Stipulation, the sole disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the administrative law judge ("ALJ") properly resolved the conflict in the vocational evidence. (JS at 4.)

# II.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# DISCUSSION

**A. The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of osteoarthritis, rheumatoid arthritis, and diabetes mellitus. (AR at 17.) The ALJ further found that Plaintiff suffers from mental depression but that it is not a severe

impairment. (Id.) The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the full range of light work. (Id. at 21.) Specifically, the ALJ found that Plaintiff can lift and carry up to twenty pounds occasionally and ten pounds frequently, stand and walk up to six hours in an eight-hour day, sit up to six hours in an eight-hour day, and push and pull commensurate with her lifting ability. (Id.)

Relying on the testimony of the vocational expert ("VE"), the ALJ determined that Plaintiff is able to perform her past relevant work as a bus driver, as she actually performed it. (Id. at 25.) Thus, the ALJ determined that Plaintiff has not been under a disability, as defined by the Social Security Act. (Id.)

**B. The ALJ Properly Considered the Vocational Evidence.**

    **1. Assessment of Past Relevant Work as Actually Performed.**

        **a. Conflict between VE and DOT.**

Plaintiff contends that the testimony of Ms. Trost, the VE, does not provide a persuasive basis for departing from the Dictionary of Occupational Title ("DOT") characterization of Plaintiff's past relevant work as requiring medium exertion. (JS at 8.)

The ALJ has an affirmative responsibility to ask whether a conflict exists between the testimony of a VE and the DOT. Soc. Sec. Ruling ("SSR") 00-4p, 2000 WL 1898704, at *4; Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007). If there is a conflict between the DOT and testimony from the VE, an ALJ may accept testimony from a VE that contradicts the DOT, but "the record must contain 'persuasive evidence to support the deviation.'" Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)). The ALJ must resolve any conflict by determining whether the VE's explanation is reasonable and provides sufficient support to justify deviating from the DOT. SSR 00-4p, 2000 WL 1898704, at

\*4; Massachi, 486 F.3d at 1153. An ALJ's failure to do so can be harmless error when there is no conflict or when the VE provides a basis for relying on her testimony rather than on the DOT. Massachi, 486 F.3d at 1154 n.19. Reasonable explanations for deviating from the DOT may include that the DOT "does not provide information about all occupations, information about a particular job not listed in the [DOT] may be available elsewhere, and the general descriptions in the [DOT] may not apply to specific situations." Id. at 1153, n.17 (citing SSR 00-4p, 2000 WL 1898704, at \*2-3).

Here, although the ALJ did not directly question the VE as to whether her opinion deviated from the DOT, he did note the VE's indication that her opinion was consistent with the DOT as to the skill and exertional levels for a bus driver. (AR at 25.) The VE stated that a bus driver, classified at DOT 913.463-010, had a medium exertional level. (Id. at 75.) The VE further explained, however, that Plaintiff's file indicated that she performed the work at the light exertional level. (Id.) The VE noted that despite lifting only ten pounds, Plaintiff also worked foot controls, which made the work light. (Id.) This is evidenced by Plaintiff's own answers to her disability report, in which she described her duties as a bus driver. (Id. at 248-49.) "The Social Security Regulations provide that the ALJ may draw on two sources of information to define the claimant's past relevant work as actually performed: (1) the claimant's own testimony, and (2) a properly completed vocational report." Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002); see also Pinto, 249 F.3d at 845. The VE referenced Plaintiff's own disability report in determining that she actually performed the work at the light level, thereby providing a reasonable basis for deviating from the DOT. Thus, the ALJ did not err in relying on the VE's characterization of Plaintiff's past relevant work, as she actually performed it.

Furthermore, the ALJ properly included in his hypothetical to the VE all

of the limitations accounted for in his RFC assessment.  "In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)).  The ALJ asked the VE whether a hypothetical person capable of light work with a moderate limitation in handling detailed or complex tasks could do the past relevant work of Plaintiff.  (AR at 79.)  Based on this hypothetical, Ms. Trost testified that such person would be capable of performing Plaintiff's past relevant work as a bus driver, as she actually performed it.  (Id.)  Thus, the ALJ did not err in relying on the VE's testimony to determine that Plaintiff could perform her past relevant work as actually performed.

### b. **RFC Assessment.**

In her Reply, Plaintiff contests the ALJ's finding that she is capable of performing her past relevant work, as she actually performed it.  Specifically, she contends that the ALJ's finding that she can perform the job as actually performed and sit six hours in a day conflicts with her statement that she had to sit for nine hours per day in the performance of her job.  (JS at 14.)  The Court notes, however, that Plaintiff's statement that she sat for nine hours in a twelve-hour work day (AR at 248) is actually consistent with the ALJ's finding that she could sit for six hours in an eight-hour work day.  Thus, it was reasonable for the ALJ to conclude that Plaintiff is capable of performing her past relevant work as a bus driver, as she actually performed it.

### 2. **Different VE Testimony.**

Plaintiff argues that the ALJ erred in relying solely on the testimony of Ms. Trost, the VE at her second hearing on February 3, 2011, while failing to address the testimony of Ms. Schneider, the VE at her first hearing on November 14, 2008.  (JS at 5-9.)

If the ALJ properly relied on the testimony of one VE, he need not address the testimony of another VE.  See Ramirez v. Comm'r of Soc. Sec. Admin., 463 F. App'x 640, 643 (9th Cir. 2011) ("[D]espite the ALJ's lack of explanation for not relying on the testimony of the unavailable vocational expert from the first hearing, the ALJ properly relied on the vocational expert's testimony at the second hearing concerning plaintiff's past relevant work[.]").[3]  As the Court concluded above, the ALJ properly relied on the testimony of Ms. Trost, the VE in the second hearing, in determining whether Plaintiff is capable of performing her past relevant work as a bus driver, as she actually performed it.  Thus, the ALJ made no error in failing to address the testimony of Ms. Schneider, the VE from the prior hearing.

Furthermore, as stated earlier, this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme, 924 F.2d at 846.  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant, 753 F.2d at 1452.  Thus, even if the testimonies of the different VEs create conflicting interpretations, the ALJ's decision must be upheld because substantial evidence supports the ALJ's reliance on Ms. Trost's testimony.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[3] Ninth Circuit Rule 36-3 provides for the citation of unpublished opinions issued on or after January 1, 2007.  See also Fed. R. App. Proc. 32.1(a).

## IV.
## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: July 11, 2012

/s/ Oswald Parada
HONORABLE OSWALD PARADA
United States Magistrate Judge